Joanna R. Vilos (Wyo. Bar No. 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Phone 307-778-4200; Fax 307-778-8175
jvilos@hollandhart.com

ATTORNEYS FOR PLAINTIFF

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 MAR 17  PM 3 22

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, <br><br> Plaintiff, <br> V. <br><br> DONAE BEZANSON and MARY MURRAY, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _14 CV 58-J_<br>)<br>)<br>) |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and

through its attorneys, and for its Complaint in Interpleader states:

## PARTIES

1.     Interpleader Plaintiff MetLife is a corporation organized under the laws of the

State of New York, with its principal place of business in New York.  It is duly licensed to do

business in the State of Wyoming.

2. Upon information and belief, defendant Donae Bezanson ("Bezanson") is the surviving daughter of Donald Hearth (the "Decedent"), and she resides in Lander, Wyoming.

3. Upon information and belief, defendant Mary Murray f/n/a Mary King ("Murray") is a friend of the Decedent and she resides in Lander, Wyoming.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5. Venue is proper pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

6. The Decedent was an employee of AT&T, and a participant in the AT&T Life Insurance Benefit Plan (the "Plan").

7.     The Plan's Summary Plan Description ("SPD") establishes, at page 12, the right of the Plan participant to change a beneficiary at any time. A true and correct copy of the SPD is attached as Exhibit A.

8.     The Decedent died on May 16, 2013. A true and correct copy of a death certificate is attached as Exhibit B.

9.     At the time of his death, the Decedent was enrolled under the Plan for basic life insurance coverage in the amount of TWENTY TWO THOUSAND DOLLARS ($22,000) ("Plan Benefits"). The Plan Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, pursuant to the terms of the Plan.

10.     The latest beneficiary designation on file with the Plan is dated January 4, 2013 (the "2013 Designation") and designates Bezanson as sole primary beneficiary. A true and correct copy of the 2013 Designation is attached as Exhibit C.

11.     The prior beneficiary designation on file with the Plan is dated August 28, 2008 (the "2008 Designation") and designates Murray as sole primary beneficiary. A true and correct copy of the 2008 Designation is attached as Exhibit D.

12.     In a letter dated June 6, 2013, Murray contested her removal as beneficiary. A true and correct copy of the letter is attached as Exhibit E.

13.     On June 14, 2013, Bezanson completed a statement of claim for the Plan Benefits. A true and correct copy of the statement of claim is attached hereto as Exhibit F.

14.     On June 25, 2013, MetLife informed Bezanson that there was a rival protest claim. A true and correct copy of the letter is attached as Exhibit G.

15.     On July 12, 2013, MetLife informed Murray that the 2013 Designation was completed by the Decedent on January 4, 2013 and does not name her as the beneficiary of the Plan Benefits. A true and correct copy of the letter is attached as Exhibit H.

16.     In a letter dated July 30, 2013, Murray's attorney, Sky D. Phifer, alleged that the 2013 Designation was executed by someone else without the consent of the Decedent. Ms. Phifer also questioned how can a beneficiary "be changed on-line without something in writing, signed by the decedent"? A true and correct copy of the July 2013 letter is attached as Exhibit I.

17.     In a letter dated September 5, 2013 to MetLife, Ms. Phifer stated that "Fidelity [the third-party administrator for the Plan] was unable to provide us with the specifics about the transaction" and "there is no evidence that Donald R. Hearth was the one who changed the beneficiary or in fact that he had any intent to have anyone but Mary Murray as his beneficiary." A true and correct copy of the September 2013 letter is attached as Exhibit J.

18.     By letter dated October 7, 2013, MetLife advised the Defendants that their claims were adverse to each other and raised questions of fact and law that could not be

resolved by MetLife without exposing the Plan to the danger of double liability. MetLife gave Defendants an opportunity to try to resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. Upon information and belief, no agreement was reached. A true and correct copy of the October 2013 letter is attached hereto as Exhibit K.

19.    MetLife cannot determine the rightful beneficiary to the Plan Benefits without risking exposure of itself, the Plan, and AT&T to double liability.

20.    If a court were to determine that the 2013 Designation is valid, then the Plan Benefits would be payable to Bezanson.

21.    If a court were to determine that the 2013 Designation is invalid, then the Plan Benefits would be payable to Murray.

22.    As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom the Plan Benefits should be paid.

23.    MetLife is ready, willing, and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

24.     MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife requests judgment as follows:

a.      Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, AT&T, or the Plan for the recovery of the Plan Benefits, plus any applicable interest by reason of the death of the Decedent;

b.      Requiring that Defendants litigate or settle and agree between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

c.      Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus any applicable interest;

d.      Dismissing MetLife with prejudice from this action and discharging MetLife;

e.      Releasing AT&T and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

f.      Awarding MetLife its costs and attorney's fees; and

g.      Awarding MetLife such other and further relief as this Court deems just, equitable, and proper.

DATED:  March 17, 2014

Respectfully submitted,

Joanna R. Vilos (Wyo. Bar. No. 6-4006)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P. O. Box 1347
Cheyenne, WY  82003
Telephone:  (307) 778-4200
Fax:  (307) 778-8175
jvilos@hollandhart.com

ATTORNEYS FOR PLAINTIFF
METROPOLITAN LIFE INSURANCE COMPANY